UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00190-LEW |
| | ) | |
| GRIMMEL INDUSTRIES, INC., | ) | |
| GRIMMEL INDUSTRIES, LLC, | ) | |
| And GARY GRIMMEL, | ) | |
| | ) | |
| Defendants | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00191-LEW |
| | ) | |
| KENNEBEC SCRAP IRON, INC., | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S
MOTION TO ENTER PROPOSED CONSENT DECREE**

The matter is before the Court on the motion of the United States to enter a consent decree between the United States and the Defendants in these consolidated actions. The proposed consent decree would resolve the United States' civil actions for injunctive relief and civil penalties brought pursuant to Sections 309(b) and (d) and 311(b)(7) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d) and 1321(b)(7), alleging that Defendants

in case number 16-190 failed to comply with the conditions of a permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342, and failed to properly maintain and fully implement its Spill Prevention Control and Countermeasure Plan in accordance with the Oil Pollution Prevention regulations set forth at 40 C.F.R. Part 112, promulgated under the authority of Section 311 (j) of the CWA, 33 U.S.C. § 1321(j); and that the Defendant in case number 16-191 failed to comply with the conditions of a permit issued to it pursuant to CWA Section 402, 33 U.S.C. § 1342.

"[A] consent decree must bear the imprimatur of a judicial judgment that it is fair, adequate, reasonable, and consistent with the objectives of Congress. *United States v. Comunidades Unidas Contra la Contaminacion*, 204 F.3d 275, 279 (1st Cir. 2000) (citing *Conservation Law Found. v. Franklin*, 989 F.2d 54, 58 (1st Cir. 1993)). Through the consent decree, the parties in the consolidated actions have agreed that the business association defendants will pay a civil penalty of $250,000, of which $25,000 will be allocated to the Oil Spill Liability Trust Fund in resolution of the Spill Prevention Control and Countermeasure claim. Defendants further have agreed to revise and implement stormwater plans and sampling procedures to conform with technical requirements of the Stormwater General Permit, to fulfill certain reporting requirements, and to not contest the applicability of the stormwater general permit issued to any of the facilities during the remaining term of the permit, among other responsibilities. As part of the compromise, individual defendant Gary Grimmel is dismissed from the action without prejudice. Defendants have agreed to stipulated penalties in the event they fail to comply with the Consent Decree.

No adverse views were aired during the public comment process for approval of the consent decree, pursuant to 28 C.F.R. § 50.7, and no person has moved to intervene in these matters to challenge the prosecution or the terms of the consent decree.

The agency's decision to resolve these matters pursuant to consent decree is entitled to deference in the absence of cause to believe the United States' negotiated settlement is not the product of an arm's length, good faith bargaining process.  Finding nothing in the record that would call the existence of good faith into question, and given the absence of any public challenge to the proposed consent decree, and following a review of the record propounded in regard to summary judgment proceedings, I find that the consent decree is fair, adequate, reasonable, and consistent with the public environmental and health objectives of Congress.

Accordingly, Plaintiff's Motion to Enter Proposed Consent Decree is **GRANTED**. The claims against Defendant Gary Grimmel in case number 16-190 are **DISMISSED** without prejudice.  All remaining claims in the consolidated actions are resolved pursuant to the Consent Decree, fully executed by my signature on even date herewith.

**SO ORDERED.**

Dated this 15th day of April, 2020.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**